**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**JUVENILE FEMALE, Defendant–
Appellant.**

No. 07–10580.

United States Court of Appeals,
Ninth Circuit.

Oct. 27, 2009.

Before: HUG, REINHARDT and TASHIMA, Circuit Judges.

## ORDER

Defendant-appellant's petition for panel rehearing is granted. The memorandum disposition filed on March 13, 2009, 319 Fed.Appx. 571, is withdrawn, and replaced by the amended memorandum disposition filed concurrently with this order. No further petitions for rehearing will be entertained.

## AMENDED MEMORANDUM *

Juvenile Female V. L.-S. ("Juvenile") appeals her judgment of juvenile delinquency for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Juvenile contends that the judgment should be reversed because federal agents violated the Juvenile Delinquency Act ("JDA") by failing: (1) to advise her of her rights; (2) to notify her parents immediately upon taking her into custody; and (3) to bring her before a magistrate within a reasonable period of time. *See* 18 U.S.C. § 5033. Juvenile argues further that her inculpatory statements should have been suppressed because they were involuntary and because she had not been advised of her *Miranda* rights prior to being questioned. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

■ Federal agents interrogated Juvenile at the secondary inspection area of a border checkpoint without advising her of her rights. During the course of the interrogation, Juvenile made incriminating statements that were admitted against her

at trial. Regardless of whether the agents violated the JDA or Juvenile's *Miranda* rights, her statements should have been suppressed because they were involuntary. "In evaluating voluntariness, the 'test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.'" *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir.2002) (quoting *Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir. 1991)). The Supreme Court has found officers' threats against family members to be coercive. *See Lynumn v. Illinois*, 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963). In this case, agents threatened that they would put Juvenile's grandmother in jail if Juvenile did not confess, even though the agents had no reason to believe at the time that the grandmother was in possession of drugs. This unwarranted threat constituted the police overreaching or misconduct necessary for a finding of involuntariness. *See Colorado v. Connelly*, 479 U.S. 157, 163–66, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). Juvenile admitted that she possessed drugs soon afterward, indicating that her will had been overborne by the officer's misconduct. The government did not meet its burden of showing that Juvenile's statements were made voluntarily, *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir.1981), and therefore this evidence should have been suppressed.

Nor has the government met its burden of showing that the evidence of drugs seized from Juvenile should not be suppressed as the fruit of the illegally obtained confession. *See Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). The agents searched

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Juvenile and discovered the drugs shortly after she made the involuntary statement admitting that she had the drugs in her possession. The government made no argument to explain why the drugs should not be suppressed along with Juvenile's confession.

■ Finally, the statements Juvenile made later, while under arrest, must be suppressed because they were obtained in violation of the JDA. When an officer takes a juvenile into custody, the officer must "immediately notify the Attorney General and the juvenile's parents, guardian, or custodian of such custody. The arresting officer shall also notify the parents, guardian, or custodian of the rights of the juvenile and of the nature of the alleged offense." 18 U.S.C. § 5033. We have held that officers must inform the juvenile's parents of the juvenile's rights "contemporaneously with the notification of custody." *United States v. Doe,* 170 F.3d 1162, 1168 (9th Cir.1999). The Border Patrol agents failed to meet this requirement. Although they notified Juvenile's mother that her daughter was in custody on the day she was arrested, they waited until just before she was interrogated before explaining Juvenile's rights and the nature of the charges against her to her mother. Even then, the DEA agents did not "inform the juvenile's parent[ ] that [she would] be given the opportunity to advise and counsel [her] child[ ] before interrogation," as is required under the JDA. *United States v. Wendy G.,* 255 F.3d 761, 767 (9th Cir. 2001). This violation was not harmless because, in the absence of Juvenile's earlier incriminating statement and the drugs found as a result, the only significant evidence against Juvenile is the statement she made while her mother was present.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

---

The judgment of the district court is **REVERSED,** and the case is **REMANDED** to the district court.